**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| TIM SHEPLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GAYNELL HENDRICKS, et al., ) <br> ) <br> Defendants. ) | Case No.: 2:18-01429-JHE |

| | |
|---|---|
| DOMINION RESOURCES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GAYNELL HENDRICKS, et al., ) <br> ) <br> Defendants. ) | Case No.: 2:18-01580-JHE |

**MEMORANDUM OPINION[1]**

These consolidated actions, both of which were removed from the Circuit Court of Jefferson County, Alabama, (*see Shepler v. Hendricks*, Case No. 2:18-01429-JHE ("*Shepler*"), doc. 1; *Dominion Resources LLC v. Hendricks, et al.*, Case No. 2:18-01580-JHE, doc. 1 ("*Dominion*")), relate to a May 20, 2014 tax sale of real property by the Tax Collector of Jefferson County, Alabama ("Jefferson County"). Defendants Gaynell Hendricks ("Hendricks," who is the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (*See Shepler v. Hendricks*, Case No. 2:18-01429-JHE, doc. 26; *Dominion Resources LLC v. Hendricks, et al.*, Case No. 2:18-01580-JHE, doc. 22).

Tax Assessor of Jefferson County) and Jefferson County (collectively with Hendricks, the "Moving Defendants") have moved to dismiss both actions under Fed. R. Civ. P. 12(b)(6), contending each is time-barred. (*Shepler*, doc. 5; *Dominion*, doc. 15). Plaintiffs in each case oppose dismissal. (*Shepler*, doc. 11; *Dominion*, doc. 20). The Moving Defendants have filed a reply in support of their motion in *Shepler*.[2] (*See id.* at doc. 12). For the reasons discussed further below, the motions, (*Shepler*, doc. 5; *Dominion*, doc. 15), are **DENIED**.

## I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). Additionally, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must

---

[2] The Moving Defendants have included most of the substantive arguments in their *Shepler* reply in their motion in *Dominion*, (*see id.*, doc. 15), but have not filed a reply in that case.

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950.

The court accepts all factual allegations as true on a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950.

## II. Background

### A. Factual Allegations[3]

On or about May 20, 2014, the Jefferson County Tax Collector sold a number of parcels of real property due to unpaid taxes levied by Jefferson County. (*Shepler,* doc. 1-1 at 2 (¶ 8); *Dominion,* doc. 1-1 at 3 (¶ 9)). Plaintiff Tim Shepler ("Shepler") bought one of these parcels (Parcel I.D. 28-00-18-1-014-077.336, "Parcel 1") and received a tax sale certificate the same day.

---

[3] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, these "facts" are taken directly from the complaints.

(*Shepler*, doc. 1-1 at 2 (¶¶ 8, 10)). Nonparty Austin Mann ("Mann") purchased two parcels (Parcel I.D. 28-00-18-1-014-007.331, "Parcel 2," and Parcel I.D. 28-00-18-1-014-007.347, "Parcel 2") at the sale and received tax sale certificates for them. (*Dominion*, doc. 1-1 at 3 (¶¶ 9-10)). Plaintiff Dominion Resources, LLC ("Dominion") bought one parcel (Parcel I.D. 28-00-19-1-002-003.342, "Parcel 4") at the sale and received a tax sale certificate for it. (*Dominion*, doc. 1-1 at 3-4 (¶¶ 9, 13)).

On September 6, 2017, the Judge of Probate of Jefferson County issued tax deeds to Shepler and Dominion for the parcels they had purchased. (*Shepler*, doc. 1-1 at ¶ 11; *Dominion*, doc. 1-1 at 4 (¶ 14)). On September 11, 2017, the probate judge issued tax deeds to Mann for Parcels 2 and 3. (*Dominion*, doc. 1-1 at 3 (¶ 11)). Mann later conveyed those parcels to Dominion by quitclaim deed. (*Dominion*, doc. 1-1 at 3 (¶ 12)).

On or about July 13, 2018, Shepler received a notice from the Jefferson County Tax Assessor dated June 21, 2018, indicating Parcel 1 had been mistakenly sold at the tax sale. (*Shepler*, doc. 1-1 at 2 (¶ 12); doc. 1-4 at 2). The notice stated "Due to the assessment error this parcel [sic] exemptions were removed. This parcel was exemption [sic] and should not have sold. The tax sale is invalid." (*Id.*, doc. 1-4 at 2). Enclosed with the notice was an "Application for Refund by Petition of Taxes Paid by Mistake or Error" pursuant to Act 89-861. (*Id.* at 1-1, 2 (¶ 13); doc. 1-4 at 3). On or about July 18, 2018, Dominion received similar notices for Parcels 2, 3, and 4, accompanied by identical petitions. (*Dominion*, doc. 1-1 at 4 (¶¶ 15-16), 32-37).

**B. Procedural History**

On August 6, 2018, Shepler filed an action in the Circuit Court of Jefferson County, Alabama. (*Shepler*, doc. 1-1). Four days later, Dominion filed its own action in the same court. (*Dominion*, doc. 1-1 at 2-7). Defendant Ben Carson removed *Shepler* to this court on September

4

4, 2018, (*Shepler*, doc. 1-1), and removed *Dominion* on September 26, 2018, (*Dominion*, doc. 1). On April 5, 2019, the undersigned consolidated the actions. (*Shepler*, doc. 33).

### III. Analysis

The Moving Defendants argue Plaintiffs waited too long to pursue a refund of the purchase price of the properties. (*Shepler*, doc. 6 at 2-3; *Dominion*, doc. 15 at 2-3). Specifically, the Moving Defendants contend Ala. Code § 40-10-101, which contains a two-year statute of limitations, controls the issue. (*Id.*). That section provides:

> When land has been sold for taxes and purchased by anyone other than the state, and the purchase money has been paid into the state and county treasuries, and it shall be made to appear to the satisfaction of the Comptroller that such sale was invalid by reason of the fact that the taxes for which the land was sold were not due, the purchaser of said land, his heirs or assigns, upon the surrender of the certificate of purchase, shall be entitled to have the amount paid for the purchase of said land refunded to him, if application shall be made therefor as hereinafter provided, within two years from the date of sale and before the execution of a deed to such purchaser.

ALA. CODE § 40-10-101. Under the Moving Defendants' interpretation, Plaintiffs had two years from May 20, 2014, to seek a refund under § 40-10-101; since they did not do so before May 21, 2016, they have forfeited their opportunity for a refund. The Moving Defendants also contend the sales were nullities because they were founded on an invalid assessment. (*Shepler*, doc. 6 at 2-3; *Dominion*, doc. 15 at 2-3).[4]

---

[4] The Moving Defendants also briefly assert in their motion in *Dominion* and their reply in *Shepler* that "[t]here are no averments against [sic] Jefferson County in any way participated in the actions alleged in the complaint[.]" (*Shepler*, doc. 12 at 3; *Dominion*, doc. 15 at 4). But the complaints allege Hendricks acted in her official capacity, *e.g.*, by cancelling the tax sales (*see Shepler*, doc. 1-1 at 2 (¶ 12); *Dominion*, doc. 1-1 at 4 (¶ 15)). "Official-capacity suits . . . generally represent . . . another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation and internal quotation marks omitted). To the extent the Moving Defendants contend the absence of direct allegations against Jefferson

Plaintiffs deny § 40-10-101 applies at all. Instead, they contend they are proceeding under a different section, § 40-10-71, which is the statute they cite in their complaints, (*see Shepler*, doc. 1-1 at 2-3 (¶¶ 15-17); *Dominion*, doc. 1-1 at 4 (¶¶ 18-20). That section states:

> When lands are sold for taxes which are not liable therefor, the purchaser may recover from the officer by whose fault or neglect the assessment or sale was made, and the sureties on his official bond, the amount of the purchase money paid him therefor, with interest thereon from the day of the sale, together with all costs which are adjudged against him in any action concerning said land involving such tax title.

ALA. CODE § 40-10-71. Plaintiffs argue there is no time limit to seek relief under § 40-10-71, so their claims are timely notwithstanding they were brought more than two years from the date of the tax sale. (*Shepler*, doc. 11 at 3-4; *Dominion*, doc. 20 at 4).

The Moving Defendants offer no justification for why § 40-10-101 applies to this case other than to argue "[t]his exact issue has been addressed by the Alabama Attorney General in multiple opinions over the years." (*Shepler*, doc. 6 at 2; *Dominion*, doc. 15 at 2). The Moving Defendants point to a 1984 opinion in which the Alabama Attorney General stated, citing § 40-10-101, that a purchaser at an invalid tax sale must apply for a refund of the purchase price within two years. Ala. Op. Att'y Gen. No. 84-00180 (Feb. 23, 1984). They also point to a 2001 opinion in which the Alabama Attorney General states substantially the same thing. Ala. Op. Att'y Gen. No. 2002-026 (Oct. 16, 2001). However, this later opinion explicitly contrasts § 40-10-101 with "situations in which land is sold for taxes that are not liable for taxes and the assessing officer was negligent or at fault in the assessment or sale of the property," which are covered by § 40-10-71. *Id*. Notwithstanding the tax sale in the 2001 opinion had occurred in 1990, the Alabama Attorney

---

County supports dismissal even though the complaints contain official capacity claims against Hendricks, they do not provide any argument or authority for that contention.

6

General stated the assessing officer should determine whether § 40-10-71 or a different provision specific to Mobile County, Alabama, applied. *Id*. In a 2011 opinion, the Alabama Attorney general reaffirmed § 40-10-71 applies when the assessing officer is negligent or at fault, irrespective of the two-year limitations period in § 40-10-101. Ala. Op. Att'y Gen. No. 2011-085 (Aug. 9, 2011).

The Moving Defendants do not point to any portion of either Plaintiff's complaint invoking § 40-10-101. Nor do they dispute § 40-10-71 provides an avenue for a purchaser to obtain a refund. Instead, the Moving Defendants simply ignore the existence of § 40-10-71, and address only the fact that § 40-10-101 "does provide a cause of action for those aggrieved in the instant scenario to assert a claim on an officials [sic] bond." (*Shepler*, doc. 12 at 2; *Dominion*, doc. 15 at 3). Since Plaintiffs are not attempting to recover under § 40-10-101, this is irrelevant to their claims under § 40-10-71. Plaintiffs' claims are not barred by a limitation period in a statute under which they are not seeking relief.

To the extent the Moving Defendants' contention each tax sale was a nullity is intended to support their position the complaints are due to be dismissed, this puts the cart before the horse. Although they are correct "[a] sale founded on an invalid assessment is void and a mere nullity and a purchaser at such sale acquires no title," (*Dominion*, doc. 15 at 2-3) (quoting Ala. Op. Att'y Gen. No. 82-00053 (Oct. 29, 1981)),[5] the Moving Defendants appear to rely solely on their own determination of the sales' invalidity. But they are "not empowered to perform the judicial function of passing upon the validity and legality of an ad valorem tax assessment." *Corbitt v.*

---

[5] The Moving Defendants mistakenly cite *Jackson v. King*, 3 So. 232 (Ala. 1887) and *Scott v. Brown*, 17 So. 731 (Ala. 1895), as the source for this quote. The Attorney General's opinion, the actual source, relies on both cases in support of the proposition.

*Mangum*, 523 So. 2d 348, 350 (Ala. 1988). Instead, "the trial court is the only forum with the jurisdiction and authority to declare an assessment illegal and void . . . ." *Id.* The 1981 Alabama Attorney General opinion the Moving Defendants' rely upon is consistent with this, stating: "I can find no statute which would allow you to void the tax deed previously issued by the State to the purchaser at the tax sale — only the courts of the State have the authority to do this . . . Pending a court resolution of any title disputes . . . [the purchaser] remains the rightful owner." Ala. Op. Att'y Gen. No. 82-00053 (Oct. 29, 1981). The Moving Defendants offer no support for their claim that the Jefferson County Tax Assessor can bypass a judicial determination and unilaterally revoke Plaintiffs' rights to the properties. And each Plaintiff's complaint disputes their authority to do so, seeking a declaratory judgment determining whether the assessments were valid and, thus, whether the sales was improper such that they did not acquire title to the parcels.[6] (*See Shepler*, doc. 1-1

---

[6] Dominion attempts to undermine the Moving Defendants' arguments the properties are exempt by pointing to notices of May 2019 state court hearings regarding past due taxes on the properties, contending it is inconsistent for Jefferson County to contend the property is exempt but continue to tax it. (*Dominion*, doc. 20 at 5; docs. 20-1, 20-2, 20-3 & 20-4). Regardless of the merits of that claim, Rule 12(b)(6) generally limits the Court's review to "the four corners of the complaint." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). These notices are outside the pleadings. Rule 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." "The court has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a 12(b)(6) motion. However, once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment." *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir.1985) (citation omitted). To "exclude" evidence, a court may simply decline to consider it; no more formal step is necessary. *Harper v. Lawrence County.*, 592 F.3d 1227, 1232 (11th Cir. 2010).
   Because they are public records, the undersigned could conceivably take judicial notice of the notices of hearing and consider them without converting the motion. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) and FED. R. EVID. 201(b)). However, since it is unnecessary to go that far to

8

at ¶ 18; *Dominion*, doc. 1-1 at 21). Until a court determines the issue, the validity of the sale is an open question. Accordingly, the Moving Defendants' motions are due to be denied.

## IV. Conclusion

For the foregoing reasons, the Moving Defendants' motions to dismiss, (*Shepler*, doc. 6; *Dominion*, doc. 15), are **DENIED**. The parties are **DIRECTED** to file a joint status report by **May 7. 2019** indicating whether they believe mediation would be appropriate at this point.

DONE this 30th day of April, 2019.

                        **JOHN H. ENGLAND, III**
                        UNITED STATES MAGISTRATE JUDGE

---

resolve the motion to dismiss in *Dominion*, the undersigned declines to consider the notices of hearing or their effect on the validity of the original sale.